```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                        Erie Division

LISA HAYES,                    :      JURY TRIAL DEMANDED
                               :
            Plaintiff          :
                               :
      vs.                      :
                               :
MEADVILLE MEDICAL CENTER,      :
                               :
            Defendant          :      No.
```

**COMPLAINT**

NOW COMES Lisa Hayes, Plaintiff herein, and for her complaint against Meadville Medical Center, pursuant to the provisions of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, and the Pennsylvania Human Relations Act respectfully represents:

**PARTIES, JURISDICTION, AND VENUE:**

1. Plaintiff is Lisa Hayes, an adult individual residing at 11672 Fry Road, Edinboro, PA 16412.

2. Defendant is Meadville Medical Center, with a business address of 751 Liberty Street, Meadville, PA 16335.

3. Meadville Medical Center is an employer engaged in interstate commerce with more than 500 employees.

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, this being an action arising under the constitution, laws or treaties of the United States, and specifically 42 U.S.C. §§2000e and 12101, *et seq.*

5. This court has pendent jurisdiction over plaintiff's claims under the Pennsylvania Human Relations Act inasmuch as those claims arise out of a common nucleus of operative facts as her federal claims.

6. Venue of this case is properly in the Erie Division of the Western District of Pennsylvania because the actions giving rise to the case occurred in the Western District of Pennsylvania and the cause of action arose in Crawford County.

**STATEMENT OF THE FACTS GIVING RISE TO THE CLAIMS:**

7. Plaintiff is an ultrasound technologist. She is qualified for this position by virtue of her education, training and experience. She is registered with the American Registry for Diagnostic Medical Sonography as a Registered Diagnostic Medical Sonographer (OB/GYN) and a Registered Vascular Technologist (VT).

8. Plaintiff became employed by Meadville Medical Center as an ultrasound technologist in August 2016.

9. Plaintiff's immediate supervisor was Rob Thompson.

10. Mr. Thompson is intensely religious and belongs to a fundamentalist sect. He believes that homosexuality is a sin and will not tolerate homosexuals based on his religious belief and the belief that homosexuals should comply with the dictates of his religion, by changing their sexual orientation to heterosexual and anything otherwise is a sin that has to be punished. He was offended by the fact that the Plaintiff is a homosexual and that she is trying to have a child, which violates the dictates of his

fundamentalist sect.

11.  During her employment, Plaintiff performed her duties satisfactorily and to the best of her ability.

12.  On October 12, 2016, Rob Thompson sent Plaintiff a text message requesting that if she heard "bad mouthing of [Thompson], please secretly record . . .  I would appreciate it."

13.  Plaintiff, aware that secretly recording conversations is a felony under Pennsylvania law, did not record any such conversations.

14.  Plaintiff was singled out for undue, unjustified criticism and scrutiny by Rob Thompson because of her gender and sexual orientation.

15.  Plaintiff complained about the actions of Rob Thompson. He became aware of her complaints.

16.  Plaintiff's employment was terminated July 26, 2017.

17.  Plaintiff was subjected to discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act and the Pennsylvania Human Relations Act based on her medical treatment, on the basis that she was undergoing fertility procedures and for not complying with gender norms in accordance with the religious dictates of her supervisor, Rob Thompson.

18.  In March 2017, Plaintiff received a "written verbal warning" about the speed of her work from Senior Technologist Terry Hood.  The warning was issued at the direction of Rob Thompson.

19. On July 6, 2017, Plaintiff received a final written warning from Rob Thompson and was put on a 30 day performance improvement plan allegedly for the quality of her work. Mr. Thompson is not qualified to judge the quality of a sonographer's work, and had no opinion from any qualified ultrasound technologist the Plaintiff's work was substandard.

20. On July 26, 2017, Plaintiff's employment was terminated at the instance of Rob Thompson.

21. At all times, Plaintiff performed her duties in accordance with accepted standards. Her performance was in no way deficient and Defendant's allegations that it was were a pretext for imposing discriminatory discipline on her.

22. The Performance Improvement Plan of July 6 was in retaliation for Plaintiff's complaints about Rob Thompson, including his derogatory comments about homosexuals and his comments about Plaintiff's infertility treatments, referring to Plaintiff as having a "turkey baster baby."

23. Plaintiff's work was not substandard and complied with professional standards.

24. The actions of the Defendant, undertaken through Rob Thompson, constitute discrimination on account of sex.

25. The actions of Defendant undertaken through Rob Thompson constitute discrimination on religious grounds.

26. The actions taken against Plaintiff by Defendant on the basis of disability, perceived disability or a record of a

disability in that Plaintiff was discriminated against because of medical treatment she was receiving.

27. As the result of the termination of her employment, Plaintiff has lost her income, $60,000.00 per year, plus fringe benefits, including insurance and retirement benefits. Plaintiff has had to take employment at a significantly lower rate of pay, incurring an ongoing loss of $120 per week. She has also suffered general damages compensable under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Pennsylvania Human Relations Act,("PHRA") 43 P.S. §§ 951—963.

28. The actions of the Defendant were undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

29. Plaintiff has retained the services of an attorney regarding this matter.

30. Plaintiff has complied with all conditions precedent to the filing of this complaint, inasmuch as she has filed a verified complaint with the United States Equal Employment Opportunity Commission, cross-filed with the Pennsylvania Human Relations Commission, and has been issued a Notice of Right to Sue within the past 90 days.

**COUNT 1 - EMPLOYMENT DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED - GENDER DISCRIMINATION, PREGNANCY DISCRIMINATION AND RELIGIOUS DISCRIMINATION**

31. Plaintiff incorporates herein by reference the averments of Paragraphs 1 through 25 of this Complaint as though fully set

forth at length herein.

32. The actions of the defendant, acting through its employee, Rob Thompson, were in violation of Title VII since they were based on Plaintiff's gender, female.

33. The actions of the defendant, acting through its employee, Rob Thompson, were in violation of Title VII since they were based on Plaintiff's pregnancy status.

34. The actions of the defendant, acting through its employee, Rob Thompson, were in violation of Title VII because they were based on religious hostility.

35. As the result of the discriminatory actions of the Defendant, Plaintiff has suffered the damages set forth above.

36. Plaintiff is entitled to equitable relief in the form of back pay, reinstatement to her employment or front pay, attorney's fees and expenses and an injunction against the Defendant prohibiting similar discrimination in the future.

WHEREFORE, Plaintiff respectfully demands judgment in her favor and against Meadville Medical Center for the damages she has sustained, equitable relief and reinstatement of Plaintiff to her employment, attorney's fees and expenses and punitive and exemplary damages pursuant to Title VII.

**TRIAL BY JURY DEMANDED**

**COUNT II - EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

37. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 25 of this Complaint as though fully set

forth at length herein.

38. Defendant's actions in terminating Plaintiff's employment on account of her seeking fertility treatment was in violation of the Americans with Disabilities Act,

39. As the result of the defendant's violation of the ADA, Plaintiff has suffered the damages set forth above.

40. Plaintiff is entitled to equitable relief in the form of back pay, front pay, attorney's fees and expenses and an injunction against the Defendant prohibiting similar discrimination in the future.

WHEREFORE, Plaintiff respectfully demands judgment in her favor and against Meadville Medical Center for the damages she has sustained, equitable relief and reinstatement of Plaintiff to her employment, as well as punitive damages.

**TRIAL BY JURY DEMANDED**

**COUNT III - EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT - GENDER DISCRIMINATION, PREGNANCY DISCRIMINATION, RELIGIOUS DISCRIMINATION AND DISABILITY DISCRIMINATION**

41. Plaintiff incorporates herein by reference the averments of paragraphs 1 through 25 of this Complaint as though fully set forth at length herein.

42. The actions of the defendant in terminating Plaintiff's employment violated the PHRA in that they were motivated by gender discrimination, pregnancy discrimination, religious discrimination and disability discrimination.

43. As the result of the actions of the defendant, Plaintiff

suffered the damages set forth above.

44.  Plaintiff is entitled to equitable relief in the form of back pay, reinstatement to her employment or front pay, attorney's fees and expenses and an injunction against the Defendant prohibiting similar discrimination in the future.

WHEREFORE, Plaintiff respectfully demands judgment in her favor and against Meadville Medical Center for the damages she has sustained, equitable relief, attorney's fees and expenses and reinstatement of Plaintiff to her employment.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

**MCNAIR LAW OFFICES, PLLC**

By:  s/ Timothy D. McNair
     Timothy D. McNair, Esquire
     821 State Street
     Erie, PA 16501-1316
     (814) 452-0700
     (814) 454-2371
     tmcnair@mcnairlaw.com